# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUKHAMADII ABDUVAKHIDOV,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:25-cv-01060-EPG-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that challenges his prolonged immigration detention absent a bond hearing. (ECF No. 1.) The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 9, 10, 12.)

In the answer, filed on October 24, 2025, Respondents stated an immigration judge ordered Petitioner removed, but granted withholding of removal to Kyrgyzstan, that the Department of Homeland Security ("DHS") appealed the grant of withholding of removal to the Board of Immigration Appeals ("BIA"), and "[t]hat appeal remains pending." (ECF No. 13 at 1 (citing ECF No. 13-1 at 3).[1]) Attached as an exhibit was a printout of the Executive Office of Immigration Review's ("EOIR") Automated Case Information Tool. (ECF No. 13-1 at 22–24.)

Based on a recent review of the EOIR's Automated Case Information Tool, the BIA appeal was dismissed on December 1, 2025. See EOIR Automated Case Information Tool, https://acis.eoir.justice.gov/en/ (last visited Jan. 5, 2026). "An order of removal made by the

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1   immigration judge at the conclusion of proceedings under section 240 of the Act shall become
2   final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals[.]" 8 C.F.R.
3   § 1241.1(a).
4        "Four statutes grant the Government authority to detain noncitizens who have been
5   placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v.
6   Garland, 69 F.4th 525, 529 (9th Cir. 2023) (footnote omitted). In the answer, Respondents claim
7   that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). (ECF No. 13
8   at 1.) "Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C.
9   § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the
10  United States." Johnson v. Arteaga-Martinez, 596 U.S. 573, 575 (2022). "The BIA's dismissal
11  made Petitioner's removal order administratively final, shifting the statutory provision governing
12  Petitioner's detention . . . to 8 U.S.C. § 1231." J.L. v. Decker, No. 1:22-CV-2853-MKV, 2024
13  WL 232115, at *1 (S.D.N.Y. Jan. 22, 2024), appeal dismissed, No. 24-718, 2024 WL 3102857
14  (2d Cir. June 13, 2024).
15       The Court has "an independent duty to consider *sua sponte* whether a case is moot."
16  Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d
17  1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases
18  or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-
19  controversy requirement subsists through all stages of federal judicial proceedings," which
20  "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an
21  actual injury traceable to the defendant and likely to be redressed by a favorable judicial
22  decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).
23       Based on the EOIR's Automated Case Information Tool, it appears that Petitioner's
24  removal order is administratively final and Petitioner's detention authority has shifted to § 1231.
25  Courts have found habeas petitions challenging prolonged detention under § 1225(b) are moot
26  once a petitioner is subject to detention under 8 U.S.C. § 1231(a)(2). See, e.g., Inamzhon v.
27  Warden of Golden State Annex, No. 1:25-cv-01059-SKO (HC), 2025 WL 3080525, at *2–3
28  (E.D. Cal. Nov. 4, 2025).

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days of the date of service of this order, Respondents SHALL file a supplemental brief addressing under which statutory provision Petitioner is currently detained and the effect, if any, of the BIA's dismissal of DHS's appeal on the matters before this Court; and

2. Within twenty-one (21) days of the date of service of Respondents' supplemental brief, Petitioner MAY file a response.

IT IS SO ORDERED.

Dated: **January 5, 2026**            /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE