# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MUKHAMADII ABDUVAKHIDOV,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX
DETENTION FACILITY, et al.,

Respondents.

Case No. 1:25-cv-01060-EPG-HC

ORDER AUTHORIZING IN FORMA
PAUPERIS STATUS

ORDER APPOINTING COUNSEL FOR
PETITIONER

ORDER DIRECTING CLERK OF COURT
TO SERVE DOCUMENTS

ORDER DIRECTING PARTIES TO FILE
JOINT STATEMENT

Petitioner is an immigration detainee proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 22, 2025, Petitioner filed a petition for writ of habeas corpus, asserting that his prolonged detention without a bond hearing violates his right to procedural due process. (ECF No. 1.) On October 24, 2025, Respondents filed an answer. (ECF No. 13.) The Court ordered the parties to file supplemental briefs given that it appeared Petitioner's removal order became administratively final and Petitioner's detention authority had shifted from § 1225(b) to § 1231. (ECF No. 14.) On February 9, 2026, Respondents filed a supplemental brief, confirming that on December 1, 2025, the Board of Immigration Appeals dismissed DHS's appeal of the grant of withholding of removal and noting that "the detention authority shifted to 8 U.S.C. § 1231(a)(2)(A), mandatory detention during the removal period. Petitioner will remain subject to

1

this mandatory detention provision until March 1, 2026, under the terms of the statute." (ECF No. 15 at 1.) That same day, Petitioner filed a motion for temporary restraining order. (ECF No. 16.)

Based on the length of time in which Petitioner has been in immigration detention, the Court hereby authorizes petitioner to proceed in forma pauperis.  See 28 U.S.C. § 1915.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). In light of the apparent shift in authority for Petitioner's detention, the Court finds that the interests of justice would be served by the appointment of counsel given the complexity of the legal issues involved.

Accordingly, IT IS HEREBY ORDERED that:

1.  Pursuant to 28 U.S.C. § 1915, Petitioner is HEREBY AUTHORIZED to proceed in forma pauperis;

2.  Counsel is APPOINTED for Petitioner;

3.  The Clerk of the Court shall serve a copy of this order and a copy of the petition, via email, on the Federal Defender's Office at cae_appointments_habeas@fd.org;

4.  Within seven (7) days of the date of service of this order, the Federal Defender, as appointing authority for the Eastern District of California, SHALL identify counsel and send counsel's contact information to the undersigned's courtroom deputy Felicia Navarro at FNavarro@caed.uscourts.gov, and counsel will be added as counsel for Petitioner;

5.  Such appointment, as necessary, will be *pro hac vice* to the CJA Panel and to this District in this matter only;

2

6. This appointment will be *nunc pro tunc* to the Federal Defender contacting counsel about this appointment on a date given to the courtroom deputy; and

7. Within fourteen (14) days of the date of service of this order, counsel for Petitioner shall meet and confer with opposing counsel and the parties shall file a joint statement regarding case management and a proposed briefing schedule.

IT IS SO ORDERED.

Dated:    **February 19, 2026**                    /s/ *Erica  P.  Grosjean*
                                                    UNITED STATES MAGISTRATE JUDGE