# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUKHAMADII ABDUVAKHIDOV, | Case No. 1:25-cv-01060-EPG-HC |
| Petitioner, | ORDER GRANTING TEMPORARY RESTRAINING ORDER |
| v. | |
| WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al., | (ECF No. 24) |
| Respondents. | |

Petitioner is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 9, 10, 12.)

Before the Court is Petitioner's motion for temporary restraining order ("TRO"), which states that "Petitioner's counsel has just been informed that Respondents have moved Petitioner to Louisiana and are preparing to remove him to the country of Moldova tomorrow morning without any notice or process. He is already at the airport." (ECF No. 24 at 1.) The motion asserts that "Petitioner has no connections to Moldova and has not been provided any opportunity to express his fear of return to Moldova" and "Respondents' failure to provide Petitioner with any process in regard to the removal to a third country is a further violation of Petitioner's right to due process." (Id. at 2.) Thus, "[i]n order to preserve the court's jurisdiction over the constitutional claims and to prevent further due process violations, Petitioner moves this

Court for a temporary restraining order restraining Respondents from (1) removing Petitioner from the United States (2) detaining Petitioner any longer outside this Court's jurisdiction and ordering his return to the Eastern District of California." (Id.)

In opposition, Respondents argue that as according to Petitioner's motion for TRO Petitioner has been transferred to Louisiana, "this Court has lost jurisdiction over the underlying habeas petition because Petitioner was transferred to Louisiana," relying on Trump v. J. G. G., 604 U.S. 670 (2025). (ECF No. 25 at 1.)

This Court still maintains jurisdiction over the habeas petition because "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004).

Unless and until the Court orders otherwise, the Court **ORDERS** that Respondents **shall not remove Petitioner from the United States**. See F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (noting the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction"). Given the exigent circumstances, the Court finds that this order is warranted to maintain the status quo and finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

IT IS SO ORDERED.

Dated:    **March 9, 2026**                    /s/ _Erica P. Grosjean_
                                              UNITED STATES MAGISTRATE JUDGE

2