# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MUKHAMADII ABDUVAKHIDOV,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

Case No. 1:25-cv-01060-EPG-HC

ORDER GRANTING PETITIONER'S MOTION TO AMEND

(ECF No. 33)

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition of writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 9, 10, 12.)

On March 19, 2026, Petitioner filed the instant motion to amend the petition for writ of habeas corpus. (ECF No. 33.) The motion states that "[c]ounsel for Petitioner conferred with counsel for Respondents who stipulated to Petitioner amending his habeas petition." (Id. at 1.)

A party may amend its pleading once as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). See Mayle v. Felix, 545 U.S. 644, 655 (2005) (noting Federal Rule of Civil Procedure 15 is applicable to habeas proceedings). Leave to amend "shall be freely given when justice so

1

requires." Fed. R. Civ. P. 15(a)(2). However, the Court may decline to grant leave to amend "if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

Here, Petitioner has moved to amend because he "initially filed his habeas petition pro se. He is now represented by counsel. In addition, since Petitioner filed his habeas, the statutory authority under which he is detained has shifted. Moreover, Respondents recently attempted to remove Petitioner to a third country without notice or process, presenting additional legal issues." (ECF No. 33 at 1.) Respondents have indicated that they do not oppose the motion to amend. (Id.) As there is no evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," Foman, 371 U.S. at 182, the Court finds that justice requires granting leave to amend.

Based on the foregoing, the Court HEREBY ORDERS that Petitioner's motion to amend (ECF No. 33) is GRANTED.

IT IS SO ORDERED.

Dated:    **March 23, 2026**                    /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

2